## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWIGHT LEON COBRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-07-412-R |
| ) | |
| MIKE MULLINS, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

### ORDER

Petitioner, a state prisoner appearing *pro se,* filed this action utilizing the form intended for petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review. On April 30, 2007, Judge Roberts issued a Report and Recommendation, wherein she recommended that the action be dismissed because Petitioner is not seeking habeas corpus relief, he is seeking to compel the state trial court to provide him with a copy of the transcript from his criminal trial at no expense, and because he has failed to allege a basis for this Court's jurisdiction. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation.

An indigent criminal defendant has an absolute right to a transcript on direct appeal. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992); *Lane v. Brown*, 83 S.Ct. 768 (1963). However, there is no constitutional right to a free transcript on habeas for the purpose of searching for error. *Id.* Petitioner had an appeal in state court and does not suggest that his appellate attorney lacked a trial transcript. Because he lacks a constitutional right to state

funded transcripts to pursue post-conviction relief, Petitioner's claim is meritless. Furthermore, in light of the nature of Petitioner's request, this Court lacks jurisdiction over Petitioner's claim, because he is seeking an order from this Court compelling action by state officials.

Federal law provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C . § 1361.  By its terms, a federal district court's mandamus power extends only to federal officials or agencies.  This Court does not have the power to compel state officials to action, nor does it "serve as an appellate or reviewing court for alleged illegal actions in state court." *Harris v. Department of Corrections*, 426 F.Supp. 350, 351 (W.D. Okla. 1977).  As recommended by Judge Roberts, this action is subject to dismissal for want of jurisdiction.

For the reasons set forth herein, the Report and Recommendation is ADOPTED in its ENTIRETY and this action is hereby DISMISSED.

It IS SO ORDERED this 21st day of May 2007.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE